UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DELFON BLAIR,<br>    Plaintiff, | Case No. 1:21-cv-788 |
| vs | McFarland, J.<br>Litkovitz, M.J. |
| YVETTE BLAIR, *et al.*,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff has filed a complaint against defendants Yvette Blair and the State of Ohio.[1] By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot

---

[1] Review of the Hamilton County, Ohio online docket sheet indicates that on November 19, 2021, plaintiff was found incompetent to stand trial and was ordered to undergo treatment at Summit Behavioral Healthcare in the Hamilton County Municipal Court, Case No. 21 CRB 19983. It appears the case was dismissed on December 20, 2021, based on a finding that plaintiff was not competent to stand trial. Viewed at https://www.courtclerk.org/records-search/search-by-case-number/ under Case No C/21/CRB/19983. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Lets*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

2

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff claims defendant Yvette Blair "called the police on me. She asked me to leave the house. I left the house properly on my own." (Doc. 1-1, Complaint at PageID 13). According to plaintiff, he was subsequently arrested and charged with domestic violence "for no reason." (*Id.*). Plaintiff indicates that he was located at the Summit Behavioral Healthcare center at the time the complaint was filed. (*See supra* n. 1). The complaint is difficult to decipher, but it includes allegations that plaintiff filed a lawsuit in connection with facts giving rise to this complaint. (*See id.* at PageID 13). Plaintiff alleges that there is no one to evaluate him at Summit Behavioral and that "the same ones I'm suing deemed or demand me not to be competent without the regular procedure from my past history so I don't have to pay them or them to pay me." (*Id.*).

As relief, plaintiff seeks monetary damages and injunctive relief. (*Id.* at PageID 13).

The complaint is subject to dismissal for failure to state a claim upon which relief may be granted.[2]

---

[2] To the extent plaintiff may be invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S.

As an initial matter, the complaint includes requested relief in the form of "freedom." (Doc. 1-1, Complaint at PageID 14). To the extent that plaintiff seeks release from custody, the proper mechanism for plaintiff to challenge his present physical custody is a petition for a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). If plaintiff is seeking to enforce his speedy trial rights, he may—after exhausting his available state remedies—file a pretrial petition under § 2241 to the extent he seeks "to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *see also Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981). Accordingly, to the extent that plaintiff seeks relief in the form of his release from custody or to enforce his speedy trial rights, his sole remedy is a petition for a writ of habeas corpus after exhausting his state court remedies.

With respect to the named defendants, the complaint must be dismissed against the State of Ohio because it is immune from suit. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do

---

523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, there is no complete diversity of citizenship.

not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, the State of Ohio is immune from suit in this case.[3]

The complaint should also be dismissed as to defendant Yvette Blair. Plaintiff has failed to state a claim against this defendant under 42 U.S.C. § 1983. To state a § 1983 claim, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry*, 462 F. App'x 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). The complaint includes no factual allegations suggesting that defendant Yvette Blair is not a private actor. As noted above, plaintiff's only allegation against this defendant is that she called the police. However, private conduct is not automatically converted to state action simply because the private party utilizes public services*. Dressier v. Rice*, 739 F. App'x 814, 824 (6th Cir. 2018) (citing *Lansing v. City of Memphis*, 202 F.3d 821, 831 (6th Cir. 2000)). "[P]olice assistance in the lawful exercise of self-help," including "solicit[ing] the aid of an

---

[3] As an arm of the state, Summit Behavioral Healthcare is also immune from suit to the extent that plaintiff intended to name it as a defendant to this action. *See Gentry v. Summit Behavioral Healthcare*, 197 F. App'x 434, 437 (6th Cir. 2006) (finding that Summit Behavioral Healthcare immune from suit under the Eleventh Amendment).

available police officer to resolve disputes or eject[ ] unwanted individuals," does not transform a private party into a state actor. *Id.* (citing *Ellison v. Garbarino*, 48 F.3d 192, 197 (6th Cir. 1995)). "A mere request for assistance from an available police officer cannot be sufficient to form a nexus between the state and the private action." *Id*. (quoting *Lansing*, 202 F.3d at 833). Therefore, the complaint fails to state a claim for relief under § 1983.

Plaintiff has otherwise failed to make any allegation to suggest that defendant Blair violated his rights.

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff has failed to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 1/31/2022

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DELFON BLAIR,
    Plaintiff,

vs

YVETTE BLAIR, *et al.,*
    Defendants.

Case No. 1:21-cv-788

McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).